## C. C. Grace v. Beauregard F. Moseley.

### Gen. No. 11,120.

1. VERDICT—*when, not disturbed.* The mere fact that a greater number of witnesses have testified to a state of facts contrary to the verdict than have testified to a state of facts in support of it, will not of itself furnish ground for the setting aside of such verdict.

2. STATUTE OF LIMITATIONS—*when question of, does not arise upon appeal.* The question as to whether a right of action is barred by the Statute of Limitations, does not arise upon appeal unless the point has been made in the trial court and preserved in the record.

3. CIVIL RIGHTS ACT—*how, construed.* The Civil Rights Act is in derogation of the common law and therefore should be strictly construed.

4. INSTRUCTION—*when an, in prosecution under Civil Rights Act, is improper.* An instruction in a prosecution under the Civil Rights Act is erroneous which directs the jury that the defendant *failed* to serve the plaintiff, inasmuch as such statute imposes such liability only where the defendant has denied or incited a denial of service.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the March term, 1903. Reversed and remanded. Opinion filed February 8, 1904.

Grace v. Moseley.

E. L. RINEHART, for appellant.

No appearance on behalf of appellee.

MR. JUSTICE BALL delivered the opinion of the court.

May 8, 1900, appellant was summoned into justice court to answer to the complaint of the People of the State of Illinois for the use of appellee for failure to pay him a certain demand not exceeding $200. The trial resulted in a judgment against appellant for $25. An appeal was taken to the Circuit Court, where the cause was tried October 24, 1902, the jury finding the issues "for the plaintiff" in the sum of $25. November 1, 1902, and before judgment was entered upon the verdict, the files were amended by striking out the words "People of the State of Illinois for the use of"—thus leaving appellee as sole plaintiff. Judgment was then entered upon the verdict, and appellant thereupon perfected this appeal.

Starr & Curtis's Revised Statutes, section 84, chapter 38, page 1247, declares that all citizens shall be entitled to full and equal enjoyment of the rights enumerated therein. Among the places named in which all have full and equal rights are inns, restaurants and eating houses. Section 85 of the same chapter provides that any person who shall violate the provisions of the preceding section " by denying to any citizen, except for reasons applicable alike to all citizens of every race and color, and regardless of color or race, the full enjoyment of the accommodations," etc., " or by aiding or inciting such denial," shall forfeit and pay a sum of not less than $25 nor more than $500 to the person aggrieved thereby.

The evidence of two witnesses tends to show that appellant violated this statute. That of three witnesses tends to establish the contrary. No attempt was made to impeach any of these witnesses. The testimony of each, taken by itself, seems reasonable. Issues are not established by the mere number of witnesses. The jury chose to believe the two witnesses as against the three. They might have found the other way. In either event, elementary rules gov-

erning the practice of trial by jury forbid us to interfere with their verdict.

The objection, if any was made, that the right of action by appellee was barred by the Statute of Limitations, is fully answered by the fact that no such objection is preserved in the record.

The first instruction given to the jury at the request of appellee reads :

" The court instructs the jury that the law of Illinois inflicts a penalty upon restaurant or eating-house keepers, or persons in their employ, who shall fail or refuse to extend the full and equal enjoyment of the accommodations, advantages, facilities and privileges usually extended to patrons, to all persons alike, subject only to the conditions and limitations established by law, and applicable alike to all citizens of every race and color and regardless of color or of race; and if the jury believe from the evidence in this case that the defendant herein, Grace, failed or refused to serve the plaintiff herein, Moseley, because of his, Moseley's color, then the defendant has been guilty of such violation of the law as will subject him to suffer a penalty therefor, and you should find him guilty accordingly, and assess such penalty as you may deem proper, in a sum not less than $25 nor more than $200."

To the giving of which appellant duly excepted. This instruction makes the liability of appellant greater than does the statute. The act quoted is an addition to the common law. It creates a liability which before that time did not exist. Hence it is to be construed strictly. Under the statute it is incurred by "denying to any citizen," etc., or by "aiding or inciting such denial." To hold one liable who simply " fails " to extend to any citizen the full enjoyment of any of such accommodations, is to go beyond the statute. Failure is passive; denying, or aiding or inciting a denial, is active. A failure upon the part of a restaurant keeper to serve a guest may be caused by physical inability, by a strike on the part of the cooks and waiters, by the demand being made outside of the hours when meals are prepared, or by some other sufficient reason not within the meaning of the statute.

The giving of this instruction is reversible error, and we are therefore compelled to reverse the judgment of the Circuit Court and to remand the cause.

*Reversed and remanded.*